IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| V. | ) Case No.: 3:19-cv-67 |
| | )<br>) |
| SCHATZE'S SPORTS BAR & GRILL, INC. and CINDY LONG, | )<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Crum & Forster Specialty Insurance Company ("Crum & Forster"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants, Schatze's Sports Bar & Grill, Inc. ("Schatze's") and Cindy Long, states as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In this action, Crum & Forster seeks a determination of its rights and obligations under an insurance policy issued to Schatze's in connection with an underlying lawsuit filed by Cindy Long, which asserts certain claims against Schatze's.

**JURISDICTION AND VENUE**

2. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391(a) as certain defendants reside in the Southern District of Illinois and the events at issue took place in

the Southern District of Illinois.

5. Plaintiff in this action is Crum & Forster Specialty Insurance Company, which is a Delaware corporation with its principal place of business in New Jersey.

6. Schatze's Sports Bar & Grill, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 2301 E Main St. Belleville, Illinois.

7. Defendant Cindy Long is an adult individual who is a citizen of and is domiciled in the State of Illinois.

8. The Underlying Action (as defined herein) is pending in the Circuit Court of St. Clair County, Illinois.

9. Crum & Forster issued a policy of insurance to Schatze's, as described more fully below.

10. The scope of the coverage available to the Defendants is governed by the terms, conditions, and exclusions of the policy.

## THE UNDERLYING ACTION

11. On or about November 13, 2018, Defendant Cindy Long ("Long") filed a complaint in the Circuit Court of St. Clair County styled *Cindy Long v. Schatze's Sports Bar & Grill, Inc.*, Case No. 18-L-0717 (the "Underlying Action"). A true and correct copy of the complaint filed in the Underlying Action (the "Complaint") is attached hereto as Exhibit A.

12. The Complaint alleges that, on or about December 26, 2017, Long was a business invitee/patron at Schatze's. Ex. A, ¶¶ 3, 4.

13. The Complaint further alleged that, while Long was on the premises, a fight broke out, which created a chaotic and dangerous environment. Ex. A, ¶ 4.

14. The Complaint further alleged that Schatze's had a duty to maintain its premises in a reasonably safe condition for its invitees/patrons, including Long, and that despite such duty, Schatze's was careless and negligent in the maintenance of its premises causing Long to be injured in the chaotic and dangerous environment. Ex. A, ¶ 5.

15. The Complaint further alleged that Schatze's was guilty of the following negligent acts, failures and omissions:

   a. [Schatze's] allowed a fight to break out on its premises when [it] knew of the likelihood of this dangerous condition, or, in the exercise of ordinary care, should have known of the likelihood of this dangerous condition;

   b. [Schatze's] maintained its premises in such a fashion that it knew, or, in the exercise of ordinary care, should have known, exacerbated violence on its premises;

   c. [Schatze's], by and through its employees, agents or representatives, created the risk for a fight and the potential for patrons to become injured on its premises;

   d. [Schatze's] had insufficient security and safety measures in place to protect its invitees/patrons, specifically [Long];

   e. [Schatze's] maintained its premises through its employees in a manner that created unreasonably dangerous conditions on the premises;

   f. [Schatze's] failed to warn of the unreasonably dangerous conditions on its premises that it knew, or in the exercise of ordinary care, should have known existed;

   g. [Schatze's] failed to train its employees in security and safety measures to protect its invitees/patrons, specifically [Long];

   h. [Schatze's] failed to provide a good, safe, and proper atmosphere for its business invitees/patrons;

   i. [Schatze's] was otherwise negligent in the maintenance of its premises.

Ex. A, ¶ 6.

16. The Complaint further alleged that, as a direct and proximate result of Schatze's negligence, Long sustained serious and permanent personal injuries. The Complaint further alleged

that Long was, and will, be hindered and prevented from attending to her usual and customary affairs, duties and occupation, and has lost, and will continue to lose, wages, profits, and the value of that time. The Complaint further alleged Long suffered a great deal of pain and anguish, and has spent, and will continue to spend, large sums of money for medical care and services. Ex. A, ¶ 7.

17. The Complaint request that the court enter judgment against Schatze's for damages in excess of $50,000, plus the cost of her action. Ex. A, p. 3.

## THE POLICY

18. Crum & Forster Specialty Insurance Company issued Policy Number BAK-35478-1 to Named Insured Schatze's Sports Bar & Grill, Inc., with limits of liability of $1,000,000 Each Occurrence, a $2,000,000 General Aggregate, and with effective dates of October 11, 2017 to October 11, 2018 (the "Policy"). A true and correct certified copy of the Policy is attached hereto as Exhibit B.

19. The Commercial General Liability Coverage part of the Policy contains an insuring agreement which states, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **Ill** - Limits Of Insurance; and

4

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages A and B.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

Ex. B, p. 12.

    20.    The Commercial General Liability Occurrence Coverage Part of the Policy also contains the following language regarding "Who Is An Insured":

  **SECTION II – WHO IS AN INSURED**

    **1.** If you are designated in the Declarations as:

* * *

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

    **2.** Each of the following is also an insured:

    a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business . . .

\* \* \*

21.    Further, the Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**3**. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

Ex. B, ps. 24, 25.

22.    The Commercial General Liability Coverage Part of the Policy contains the following relevant exclusions:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

Ex. B, p. 13.

23.    The Commercial General Liability Coverage Part of the Policy also contains the following relevant endorsement, Form SB004-0615, entitled "Assault, Battery or Assault and

Battery Exclusion", which provides, in relevant part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A.  SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. **Exclusions** and SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING LIABILITY, 2. **Exclusions** are amended and the following added:

**Assault, Battery or Assault and Battery**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)** "Assault", "Battery" or "Assault and Battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever;

**(2)** the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity, or by any means whatsoever;

**(3)** the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

**(4)** the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

**(5)** "Assault", "Battery" or "Assault and Battery" arising out of the negligent employment, investigation, hiring, supervision, training or retention of any person;

**(6)** the use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of you, any insured or any person, or committed by or at the direction of you, any insured or any person;

**(7)** the failure to render or secure medical treatment or care necessitated by any "Assault", "Battery" or "Assault and Battery"; or

>    **(8)** death, including any allegations of wrongful death, arising out of items **(1)** through **(7)** listed above.

> B. **SECTION V – DEFINITIONS** is amended and the following is added:

> "Assault" means:

>> **a.** an intentional or unintentional act, including but not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact between two or more persons creating an apprehension in another of immediate harmful or offensive contact; or

>> **b.** an attempt to commit a "Battery".

> "Battery" means an intention or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two or more persons which brings about harmful or offensive contact to another or anything connected to another.

> "Assault and Battery" means the combination of an "Assault" and a "Battery".

Ex. B, p. 41.

## THIS DISPUTE

24. Schatze's has sought a defense and indemnity from Crum & Forster under the Policy in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

25. Crum & Forster has determined through its coverage investigation that it owes no obligation to defend or indemnify Schatze's in connection with the claims asserted against it in the Complaint in the Underlying Action.

26. Crum & Forster has advised Schatze's in writing that it disclaims any obligation under the Policy to provide a defense to or indemnify it in connection with the claims asserted against it in the Complaint in the Underlying Action.

27. Crum & Forster now brings this action to obtain a judicial declaration that it owes

no duties under the Policy to defend or indemnify Schatze's in connection with the claims asserted against it in the Complaint in the Underlying Action.

## COUNT I
### (No Occurrence)

28. Crum & Forster incorporates by reference herein paragraphs 1 through 27, as if the same were fully set forth at length.

29. The Policy provides coverage for "bodily injury" or "property damage" that is caused by an "occurrence" that takes place in the "coverage territory". Ex. B, p. 12.

30. "Occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B, p. 24.

31. The Complaint alleges that, on or about December 26, 2017, Long was a business invitee/patron at Schatze's. Ex. A, ¶¶ 3, 4.

32. The Complaint further alleged that, while Long was on the premises, a fight broke out which created a chaotic and dangerous environment, and Long was injured. Ex. A, ¶¶ 4, 7.

33. The allegations in the Complaint in the Underlying Action do not constitute an "occurrence" within the meaning of the Policy, because they do not describe accidental conduct.

34. Accordingly, because the Complaint in the Underlying Action does not allege that Schatze's is liable for "bodily injury" or "property damage" caused by an "occurrence", the claims asserted by Long against Schatze's in the Underlying Action do not fall within the scope of the insuring agreement of the Policy and, therefore, no coverage is afforded under the Policy to Schatze's for the claims asserted against it in the Underlying Action.

WHEREFORE, Crum & Forster seeks a judgment that it owes no duty under the Policy to defend or indemnify Schatze's Sports Bar & Grill, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action.

## COUNT II
### (Assault, Battery or Assault and Battery Exclusion)

35. Crum & Forster incorporates by reference herein paragraphs 1 through 34, as if the same were fully set forth at length.

36. The Policy contains an Assault, Battery or Assault and Battery Exclusion which, *inter alia*, bars coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

   **(1)** "Assault", "Battery" or "Assault and Battery" caused, directly or indirectly, by you, and insured, any person, any entity, or by any means whatsoever;

   **(2)** the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity, or by any means whatsoever;

   **(3)** the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery",

   **(4)** the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

   **(5)** "Assault", "Battery" of "Assault and Battery" arising out of the negligent employment, investigation, hiring, supervision, training or retention of any person;

   **(6)** the use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended form the standpoint of you, any insured or any person, or committed by or at the direction of you, any insured or any person;

* * *

Ex. B, p. 41.

37. The Policy defines "Assault" as "an intentional or unintentional act, including but

not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact between two or more persons creating an apprehension in another of immediate harmful or offensive contact, or "an attempt to commit a 'Battery'". Ex. B, p. 41. The Policy defines "Battery" as "an intention or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two or more persons which brings about harmful or offensive contact to another or anything connected to another". Ex. B, p. 41. The Policy defines "Assault and Battery" as "the combination of an 'Assault' and a 'Battery'". Ex. B, p. 41.

38.  The Complaint alleges that various negligent acts, failures and omissions of Schatze's, including, but not limited to, allowing a fight to break out on its premises, creating the risk for a fight and the potential for patrons to become injured on its premises, and failing to provide a good, safe, and proper atmosphere for its business invitees/patrons, were the direct and proximate cause of Long's serious and permanent personal injuries. Ex. A, ¶¶ 6, 7.

39.  The allegations in the Complaint in the Underlying Action describe conduct, which falls squarely within the scope of the Assault, Battery and Assault and Battery Exclusion.

40.  Accordingly, even if the allegations of the Complaint in the Underlying Action met the requirements of the Policy's Insuring Agreement, the Policy would not afford coverage to Schatze's because the allegations describe "bodily injury" resulting from "assault", "battery" or "assault and battery", which is precluded from coverage by the Assault, Battery or Assault and Battery Exclusion.

WHEREFORE, Crum & Forster seeks a judgment that it owes no duty under the Policy to defend or indemnify Schatze's Sports Bar & Grill, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action.

**PRAYER FOR RELIEF**

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants Schatze's Sports Bar & Grill, Inc. and Cindy Long, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant Schatze's Sports Bar & Grill, Inc. for the claims asserted against it in the Complaint in the Underlying Action;

c. Crum & Forster does not owe a duty under the Policy to defend Defendant Schatze's Sports Bar & Grill, Inc. or reimburse defense costs incurred by Defendant Schatze's Sports Bar & Grill, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action;

d. Crum & Forster does not owe a duty under the Policy to indemnify Defendant Schatze's Sports Bar & Grill, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action;

e. Crum & Forster is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY

Dated: January 22, 2019

By: /s James J. Hickey
James J. Hickey
One of the Attorneys for Plaintiff
Crum & Forster Specialty Insurance Company

James J. Hickey, Atty. No.: 6198334
Xavier Vergara, Atty. No.: 6327735
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5000
Fax: (312) 800-5010

James.Hickey@KennedysCMK.com
Xavier.Vergara@KennedysCMK.com

13